IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:16-cr-126-WSD |
| OLU KANNI SANYAOLU, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Olu Kanni Sanyaolu's ("Defendant") Motion *in Limine* to Exclude Fingerprint Evidence and for a Daubert Hearing [49] ("Motion").

**I.    BACKGROUND**

A.    Facts

On April 12, 2016, a grand jury in the Northern District of Georgia returned a three-count Indictment [1] against Defendant, charging Defendant, in Count One, with knowingly procuring, contrary to law, naturalization and citizenship in the United States in violation of 18 U.S.C. § 1425(a). The Government later dismissed Counts Two and Three. ([26], [27]).

On or about April 8, 1998, Defendant, who is a native of Nigeria, was granted asylum in the United States. In 2009, Defendant petitioned for citizenship through naturalization, and, on or about July 20, 2009, citizenship was granted. In March 2014, Defendant traveled to Nigeria. On his way back, on April 21, 2014, Defendant arrived at the Houston International Airport. In the Customs inspections area, an Automated Fingerprint Identification System ("AFIS") fingerprint examination of Defendant determined that he was linked to two fingerprint identification numbers—one for him, and another for Kunle Olukanni. The Olukanni immigration file shows that, in 1992, Mr. Olukanni applied for asylum in New York, which was denied in September 1994. Mr. Olukanni's wife then petitioned for adjustment of his status, and Mr. Olukanni filed a concurrent application to register permanent residence or to adjust status. The applications also did not result in a grant of lawful immigration. As a result, on July 23, 1998, Mr. Olukanni was ordered to be deported from the United States.

On June 17, 2015, Homeland Security Fingerprint Specialist Dean Roan issued a laboratory report regarding comparisons of fingerprint cards submitted by Defendant and those submitted by Mr. Olukanni. Mr. Roan determined that the fingerprint impressions on the cards were made by the same person. Mr. Roan's one-page report does not describe the methodology that he used to reach his

conclusion that the "fingerprint impressions . . . were made by one and the same person."  ([49.1]).

    B.    Procedural History

On January 9, 2017, Defendant filed his Motion, seeking to exclude the presentation of Mr. Roan's fingerprint evidence or, in the alternative, for a Daubert[1] hearing prior to trial to determine admissibility of the fingerprint evidence.  Defendant argues that he has received no evidence beyond Mr. Roan's one-page report regarding the fingerprint comparisons at issue in this case, and that this information is insufficient to meet the admissibility standards set forth in the Federal Rules of Evidence and in Daubert.

In its response [51], the Government includes Mr. Roan's CV, and also presents a summary of Mr. Roan's experience and his expected testimony.  The Government represents that, before testifying about the particular fingerprints at issue in this case, Mr. Roan will provide an overview regarding the characteristics of fingerprints, how fingerprint exemplars may be obtained, and the methodology that he follows to conduct analysis of fingerprint samples.  In particular, Mr. Roan is expected to testify regarding the ACE-V methodology for comparing fingerprint samples.  Mr. Roan will then describe the fingerprint cards from Defendant and

---

[1]     Daubert v. Merrill Dow Pharms., 509 U.S. 579 (1993).

Mr. Olukanni, the methodology of comparison that he used to analyze these fingerprint cards, and his conclusions regarding the fingerprint impressions on the cards.[2]

## II.   DISCUSSION

Under the Federal Rules of Evidence, expert testimony is admissible if: (1) the expert is qualified to testify regarding the subject matter of her testimony; (2) the methodology that the expert used to reach his or her conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or in determining a fact at issue.  United States v. Scott, 403 F. App'x 392, 397 (11th Cir. 2010) (citing United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)) (en banc); Fed. R. Evid. 702.  The Government has the burden to meet each of the requirements of admissibility.  See Scott, 403 F. App'x at 397-98.

The second prong requires the district court to make a preliminary determination whether the expert's methodology is reliable.  Scott, 403 F. App'x at 397.  In Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 (1993), the

---

[2]   The Government does not intend to submit expert testimony regarding comparison of the fingerprints taken in Houston to any of the fingerprint cards that Mr. Roan examined, because the AFIS system used to run Defendant's fingerprints does not retain the scan of the fingerprints.  (See [51] at 2 n.1).

Supreme Court provided a non-exclusive list of factors for the district court to consider:

> (1) whether the expert's theory can be and has been tested;
> (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Frazier, 387 F.3d at 1262.  These factors are only general guidelines, and the trial judge has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

Here, Mr. Roan's one-page report does not describe the methodology that he used to reach his conclusion that the "fingerprint impressions . . . were made by one and the same person," ([49.1]), and does not provide evidence of the methodology's review and acceptance within the scientific community.  Though the Government represents that Mr. Roan will testify as to the methodology he used, the Government has not, at this time, met its burden to present evidence upon which the Court can make a determination as to the reliability of the methodology used and whether Mr. Roan properly applied that methodology to reach his conclusion.  Without this foundational information, the Court cannot determine whether Mr. Roan's testimony and fingerprint analysis are admissible under

Rule 702 and <u>Daubert</u>.  Accordingly, the Government shall, on or before 5:00 p.m. on Thursday, April 6, 2017, submit its evidence supporting the methodology Mr. Roan used in reaching his fingerprint opinion in this case.  The Court will then determine whether a further <u>Daubert</u> hearing is necessary.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government shall, on or before 5:00 p.m. on Thursday, April 6, 2017, submit its evidence supporting the methodology Mr. Roan used in reaching his fingerprint opinion in this case.  The Court will then determine whether a further <u>Daubert</u> hearing is necessary.

**SO ORDERED** this 30th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE