# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OLU KANNI SANYAOLU,<br>         **Defendant.** | 1:16-cr-126-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Olu Kanni Sanyaolu's ("Defendant") Motion *in Limine* to Exclude Fingerprint Evidence and for a Daubert Hearing [49] ("Motion").

## I.  BACKGROUND

### A.  Facts

On April 12, 2016, a grand jury in the Northern District of Georgia returned a three-count Indictment [1] against Defendant, charging Defendant, in Count One, with knowingly procuring, contrary to law, naturalization and citizenship in the United States in violation of 18 U.S.C. § 1425(a).  The Government later dismissed Counts Two and Three.  ([26], [27]).

On or about April 8, 1998, Defendant, who is a native of Nigeria, was granted asylum in the United States. In 2009, Defendant petitioned for citizenship through naturalization, and, on or about July 20, 2009, citizenship was granted. In March 2014, Defendant traveled to Nigeria. On his way back, on April 21, 2014, Defendant arrived at the Houston International Airport. In the Customs inspections area, an Automated Fingerprint Identification System ("AFIS") examination of Defendant determined that he was linked to two fingerprint identification numbers—one number for him, and another for Kunle Olukanni. The Olukanni immigration file shows that, in 1992, Mr. Olukanni applied for asylum in New York. Asylum was denied in September 1994. Mr. Olukanni's wife then petitioned for adjustment of his status, and Mr. Olukanni filed a concurrent application to register permanent residence or to adjust status. The applications also did not result in a grant of lawful immigration. As a result, on July 23, 1998, Mr. Olukanni was ordered to be deported.

On June 17, 2015, Homeland Security Fingerprint Specialist Dean Roan issued a laboratory report regarding comparisons of fingerprint cards submitted by Defendant and those submitted by Mr. Olukanni. The three cards contained fingerprints bearing the names Olu Kanni Sanyaolu, dated May 31, 1997, fingerprints bearing the name Kunle Olukanni, dated July 27, 1995, and

fingerprints bearing the name Olukanni, dated August 29, 1992. These fingerprints were also compared against fingerprints bearing the name Olu Kanni Sanyaolu, dated April 20, 2016, and the May 31, 1997 fingerprints bearing the name Olu Kanni Sanyaolu.

Mr. Roan determined that the fingerprint impressions on the cards were made by the same person. Mr. Roan's one-page report does not describe the methodology that he used to reach his conclusion that the "fingerprint impressions . . . were made by one and the same person." ([49.1]).

B. Procedural History

On January 9, 2017, Defendant filed his Motion, seeking to exclude the presentation of Mr. Roan's fingerprint evidence or, in the alternative, for a Daubert[1] hearing prior to trial to determine admissibility of the fingerprint evidence. Defendant argued that he did not receive any evidence other than Mr. Roan's one-page fingerprint comparison report, and that this information is insufficient to meet the admissibility standards set forth in the Federal Rules of Evidence and in Daubert.

In its response [51], the Government presented Mr. Roan's curriculum vitae and a summary of Mr. Roan's experience and expected testimony. The

---

[1] Daubert v. Merrill Dow Pharms., 509 U.S. 579 (1993).

3

Government represented that, before testifying about the particular fingerprints at issue in this case, Mr. Roan will provide an overview regarding the characteristics of fingerprints, how fingerprint exemplars may be obtained, and the methodology that he follows to conduct analysis of fingerprint samples.

The Court concluded that Mr. Roan's one-page report did not describe the methodology he used to reach his conclusion, and did not provide evidence of the methodology's review and acceptance within the scientific community. On March 31, 2017, the Court issued its Order [59] requiring the Government to submit further evidence to support the methodology Mr. Roan used to conduct his fingerprint comparisons.

On April 6, 2017, the Government submitted its response to the Court's Order [60]. The Government now represents that Mr. Roan plans to retire from federal service prior to the trial in this case, and that Thomas Liszkiewicz, a fingerprint specialist who "verified Mr. Roan's results by completing an independent examination of the fingerprints," will testify at trial. The Government provides Mr. Liszkiewicz's curriculum vitae, and a summary of his analysis in this case, which includes background regarding the ACE-V methodology.

Mr. Liszkiewicz states that he verified Mr. Roan's June 2015, examination results. Mr. Liszkiewicz found that all of the fingerprint impressions "contained a

right slant loop reference tented arch fingerprint impression in the right index finger block. The fingerprint impressions . . . were compared using the . . . ACE-V methodology and it was determined that these fingerprint impressions contained the same friction ridge detail, in the same spacial relationship, and came from the same individual." ([60.1] at 1-2).

On April 14, 2017, Defendant filed his response to the Court's Order [61] and the Government's April 16, 2017, response. Defendant maintains his objection to the fingerprint evidence. He states that Mr. Liszkiewicz's summary does not demonstrate how he and Mr. Roan applied the ACE-V methodology in this case, arguing that several courts have criticized the ACE-V method. Defendant also argues that Mr. Liszkiewicz is precluded from testifying at trial regarding the fingerprint comparisons performed by Mr. Roan, because the testimony would be inadmissible hearsay, and would violate Defendant's Sixth Amendment right to confront Mr. Roan.

**II. DISCUSSION**

   A. <u>Legal Standard</u>

Under the Federal Rules of Evidence, expert testimony is admissible if: (1) the expert is qualified to testify regarding the subject matter of her testimony; (2) the methodology that the expert used to reach his or her conclusions is

sufficiently reliable; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or in determining a fact at issue. United States v. Scott, 403 F. App'x 392, 397 (11th Cir. 2010) (citing United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)) (en banc); Fed. R. Evid. 702.

B. Analysis

The Court assumes, based on the Government's representations in its response to the Court's Order, that Mr. Liszkiewicz is the fingerprint expert it intends to call at trial. The Court evaluates Defendant's objection to fingerprint analysis as an objection to the opinion expected to be offered by Mr. Liszkiewicz.

1. Whether Mr. Liszkiewicz is Qualified

Mr. Liszkiewicz's curriculum vitae [60.3] shows that he has worked as a fingerprint specialist since at least 2003. He has qualified as an expert witness in friction ridge identification in sixteen federal district courts. Defendant does not appear to contest Mr. Liszkiewicz based on his experience, but does object to his analysis based upon the ACE-V method. The Court finds Mr. Liszkiewicz is qualified to testify as a fingerprint expert.

2. Whether the ACE-V Method is Reliable

Before permitting expert testimony, the district court must preliminarily determine whether the expert's methodology is reliable. Scott, 403 F. App'x at

397. In <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 113 (1993), the Supreme Court provided a non-exclusive list of factors for the district court to consider in evaluating the methodology used by an expert. The factors are:

> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

<u>Frazier</u>, 387 F.3d at 1262. These factors are only general guidelines, and the trial judge has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 152 (1999).

"[F]ederal courts routinely have upheld the admissibility of fingerprint evidence under <u>Daubert</u>." <u>Scott</u>, 403 F. App'x at 398 (citing, among others, <u>United States v. Abreu</u>, 406 F.3d 1304, 1307 (11th Cir. 2005); <u>United States v. Pena</u>, 586 F.3d 105, 110 (1st Cir. 2009)); <u>see also</u> <u>United States v. Shaw</u>, No. 2:16-CR-65-FTM-UAMRM, 2016 WL 5719303, at *2 (M.D. Fla. Sept. 30, 2016) (citing cases). The ACE-V method Mr. Liszkiewicz used to conduct his analysis in this case "has been allowed by courts for over twenty years." <u>Shaw</u>, 2016 WL 5719303, at *3. Courts have found the method reliable and generally accepted in the fingerprint analysis community. <u>See</u> <u>Scott</u>, 403 F. App'x at 397-98. "Because

the ACE-V method has been generally found to be reliable in the fingerprint analysis community, the Eleventh Circuit, and this Court, there is no justification at this time to hold a Daubert hearing regarding the reliability of the scientific method used by [Mr. Liszkiewicz]." Shaw, 2016 WL 5719303, at *3.

### 3. Whether Mr. Liszkiewicz's Testimony will Assist the Trier of Fact

The heart of the issue in this case is whether Mr. Olukanni and Defendant are the same individual. Mr. Liszkiewicz's expected testimony is probative on this issue. Defendant will have the opportunity to cross-examine Mr. Liszkiewicz and offer competing testimony available to him. Defendant does not appear to contest, and the Court finds, that Mr. Liszkiewicz's testimony will assist the trier of fact in making their decision. The Court finds there is no need for a Daubert hearing. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., 402 F.3d 1092, 1113 (11th Cir. 2005) ("Daubert hearings are not required, but may be helpful in complicated cases involving multiple expert witnesses." (internal quotation marks omitted) (quoting United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001)).

### 4. Confrontation Clause Issues

Defendant argues that Mr. Liszkiewicz may not testify at trial regarding the fingerprint comparisons performed by Mr. Roan, because such testimony would be inadmissible hearsay and would violate Defendant's Sixth Amendment right to

confront Mr. Roan. If the Government seeks to elicit testimony about Mr. Roan's analysis during Mr. Liszkiewicz's trial testimony, Defendant may object to the testimony at that time.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Olu Kanni Sanyaolu's Motion *in Limine* to Exclude Fingerprint Evidence and for a <u>Daubert</u> Hearing [49] is **DENIED**.

**SO ORDERED** this 18th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE