# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | 1:16-cr-126-WSD |
| OLU KANNI SANYAOLU, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Olu Kanni Sanyaolu's ("Defendant") Motion for Reconsideration of Bond [119] ("Motion").

## I.  BACKGROUND

On July 20, 2017, Defendant was found guilty by a jury of one count of Unlawful Procurement or Naturalization and Citizenship, in violation of 18 U.S.C. 1425(a). ([115]; [116]). The Court remanded Defendant to the custody of the United States Marshals Service pending sentencing. ([115]). The Court found that detention was proper in this case under 18 U.S.C. § 3143(a), which states that a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained . . . ."

On July 30, 2017, Defendant filed his Motion for Reconsideration of Bond. In it, Defendant argues that he should be released because (i) he has no criminal

history, (ii) he and his family have lived in Georgia for a number of years and he has stable employment, (iii) he suffers from serious medical ailments, (iv) he was in full compliance with the conditions of bond in this matter, and (iv) he no longer has possession of his passport. (Mot. at 2-3). Defendant states that he is willing to abide by any conditions of release the Court finds appropriate, including electronic monitoring. (Mot. at 3). If the Court is not inclined to release him on bond, Defendant requests that the Court release him "for a week so that he may [make] necessary arrangements for the care of his sons and the management of his home and property." (Mot. at 3-4).

On August 7, 2017, the Government filed its Response in Opposition [124] to Defendant's Motion for Reconsideration of Bond. The Government argues that Defendant has not met his burden that he should remain on bond pending sentencing. The Government argues that Defendant is a flight risk because (i) he has a history of creating new identities to avoid detection, (ii) he could potentially have fraudulent passports that the Government has not detected, (iii) his conviction and sentence provide Defendant with a large incentive to flee, and (iv) he has substantial ties to foreign individuals. (Resp. at 3-5).

On August 12, 2017, Defendant filed his Reply in Support [125] of his Motion for Reconsideration of Bond. Defendant again argues that he is not a flight

2

risk. Defendant states that his closest family ties, particularly with his children, are with individuals who reside in Georgia. (Reply at 2-3). Defendant argues that the Government's assertion that Defendant may have fraudulent passports under different aliases is conjecture without proof. (Reply at 3). Defendant reiterates that his time on pretrial supervision in this matter greatly weighs in favor of the Court reinstating his bond. (Reply at 3-4).

Defendant, in his Reply, also argues that his medical condition while incarcerated supports his release on bond. Defendant states that his medical condition while incarcerated has worsened and that the Robert A. Deyton Detention Facility ("Detention Facility"), where he is housed in the custody of the United States Marshals Service, does not have the adequate facilities to treat his medical ailments.

## II.  DISCUSSION

### A.  Legal Standard

Whether a person should be released pending sentencing is governed by 18 U.S.C. § 3143, which provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the

safety of any other person or the community if released" on the defendant's personal recognizance or on conditions. 18 U.S.C. § 3143(a). The presumption is in favor of detention pending sentencing. United States v. Hill, No. 1:05-cr-0269, 2007 WL 1231729 (N.D. Ga. Apr. 24, 2007). To rebut this detention presumption, a defendant must show by clear and convincing evidence that detention is not warranted, because the defendant is neither a flight risk nor a danger to the community.

The Government does not argue, and nothing in the record supports, that Defendant is a danger to the community, and the Court focuses on Defendant's potential risk of flight when considering whether to release Defendant.

B.  Analysis

Defendant presents evidence in favor of his release, including his success while on bond, his stable employment, and his family ties to his children who live locally. However, the evidence in favor of detention is strong. Defendant's underlying criminal conduct, for which a jury found him guilty, was that he used a false identity in order to gain access into the United States after he had been previously ordered removed. Defendant adopted the name Olu Sanyaolu after he was denied immigration benefits under the name Kunle Olukanni. Defendant's history of using false identification in order to escape immigration consequences,

4

coupled with a possible custodial sentence and his substantial foreign ties, including family and a fiancé residing in Nigeria, make Defendant's risk of flight high. Moreover, Defendant's required denaturalization and removal from the United States as a consequence of his conviction adds to Defendant's risk of flight and undermines Defendant's arguments for release. See 8 U.S.C. § 1451(e); see also Hill, 2007 WL 1231729 at *1 (rejecting defendant's argument that he is not a flight risk based on compliance with pretrial release because the now-certainty of a sentence "gives the defendant an overwhelming motivation to flee"); United States v. Manso-Portes, 838 F.2d 889 (7th Cir. 1987) (reversing district court's release of defendants pending sentencing where district court concluded that because defendants appeared for trial while released on bond, they are sure to appear for sentencing; district court did not consider statutory presumption that defendants shall be detained pending sentence); United States v. Jinwright, No. 3:09-cr-0067, 2010 WL 2926084, at *5 (W.D. N.C. July 23, 2010) ("Something has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction. His legal status has changed, increasing his incentive to flee.").

Defendant argues that he is not likely to flee because he suffers from serious health problems. Defendant was able to actively participate in his trial, including by testifying in his own defense. Defendant has not demonstrated that his health

would preclude him from fleeing, and there is no evidence that he cannot obtain necessary medical treatment while in custody.[1]  See United States v. Sudeen, No. CR-02-062, 2003 WL 21977170, at *1-2 (E.D. La. Aug. 14, 2003) (denying motion for release pending sentence notwithstanding defendant's health issues, and noting "there is no evidence that the defendant cannot obtain necessary medical treatment while in custody"); United States v. Dimora, No. 1:10-cr-387, 2012 2012 WL 1409396, at *4 (N.D. Ohio Apr. 23, 2012) ("Nothing [defendant] has presented in support of these recently identified medical conditions suggest to the Court that he is not healthy enough to leave the jurisdiction, and seek medical treatment in another locale.").[2]

---

[1] The Court has spoken with the Marshals Service about Defendant's medical condition and treatment at the Detention Facility.  The Marshals Service reports that they are aware of Defendant's medical condition and are providing him with the appropriate medical care.  The Marshals Service states that Defendant has been noncompliant on multiple occasions with the medical staff's instructions and treatment recommendations.  The Marshals Service has assured the Court that if Defendant's medical condition was ever at a point medical staff at the Detention Facility felt they could not provide adequate medical treatment, Defendant would be referred to an outside specialist.  That Defendant appears to have chosen not to comply with the treatment offered at the Detention Facility does not support that the care he is receiving is inadequate.

[2] Defendant relies on United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003), to support that his medical condition renders him eligible for release pending sentencing under 18 U.S.C. § 3145(c).  Defendant's reliance is misplaced.  In Garcia, the district court held that defendants "established that they are not flight risks and pose no danger to the community," but that they were not entitled to

Although Defendant has presented some evidence to suggest that he is not likely to flee—his residence in Georgia and his two sons living in Georgia—this evidence is not sufficient to overcome the statutory presumption against his release. Defendant fails to meet his burden by clear and convincing evidence that he is a not a flight risk. Defendant's Motion for Reconsideration of Bond is denied.

---

release because they failed to satisfy the additional requirement of section 3145(c), which requires violent offenders, as well as those convicted of drug offenses with a maximum sentence of at least ten years imprisonment and those convicted of any offense with a maximum sentence of life imprisonment or death, to show further that "there are exceptional reasons why detention would not be appropriate." See Garcia, 340 F.3d at 1015 (quoting 18 U.S.C. § 3145(c)). The Ninth Circuit held that district courts evaluating "exceptional reasons" under section 3145(c) should consider, among others, a defendant's serious illness or injury, and remanded the case to the district court.

Here, Defendant has not been convicted of a crime of violence, a drug offense, or an offense for which the maximum sentence is life imprisonment or death, and section 3145(c) does not apply. Even if it did apply, unlike in Garcia, Defendant fails to show that he is not a flight risk, a prerequisite to considering whether a defendant's serious illness or injury constitutes "exceptional circumstances" to support release under section 3145(c). See 18 U.S.C. § 3145(c) ("A person subject to detention pursuant to section 3143(a)(2) or (b)(2), *and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1),* may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.") (emphasis added).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Olu Kanni Sanyaolu's Motion for Reconsideration of Bond [119] is **DENIED**.

**SO ORDERED** this 25th day of August, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE